```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FELIX SANTIAGO,                                 :
                                                :       11CV4109(PKC)
                        Plaintiff,              :
                                                :
        - against -                             :
                                                :       AMENDED COMPLAINT AND
                                                :        DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, DAMON FORD,               :
KENDRICK MALDONADO, MARCUS                      :
GONZALES, and "JOHN DOE" #1-4,                  :       ECF CASE
                                                :
                        Defendants              :
------------------------------------------------------------------x
```

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Felix Santiago by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. Felix Santiago is a citizen of the United States who was lawfully present on Longwood Avenue, near the intersection of Bruckner Boulevard, in the County of the Bronx, City and State of New York, on April 15, 2011, when he was approached by New York City police officers Damon Ford, Kendrick Maldonado, Marcus Gonzalez and defendants "John Doe" #1-4, subjected to searches of his person and vehicle, handcuffed, arrested, detained in the 41st Precinct for approximately nine hours, then transferred to Bronx Central Booking, where he was detained until the afternoon of April 16, 2011, when was released from the courthouse by a uniformed officer who informed the plaintiff that the charge against him had been dismissed.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Felix Santiago's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Damon Ford, Kendrick Maldonado and Marcus Gonzalez can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Felix Santiago is a citizen of the Untied States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Damon Ford is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Damon Ford was acting within the scope of his employment by defendant The City of New York.

11. Defendant Kendrick Maldonado is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Kendrick Maldonado was acting within the scope of his employment by defendant The City of New York.

13. Defendant Marcus Gonzalez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Marcus Gonzalez was acting within the scope of his employment by defendant The City of New York.

15. Defendants "John Doe" #1-4 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

16. At all times relevant herein, defendants "John Doe" #1-4 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

17. On April 21, 2011, plaintiff Felix Santiago served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

18. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this complaint as though the same were set forth fully herein.

20. On April 15, 2011, plaintiff Felix Santiago was lawfully present in his motor vehicle on Longwood Avenue, in the vicinity of Bruckner Boulevard, in the County of the Bronx, City and State of New York.

21. On April 15, 2011, defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 approached plaintiff Felix Santiago's vehicle and asked the plaintiff what he had been doing at a building on Kelly Avenue.

22. One of the individual defendants conducted a search of plaintiff Felix Santiago's person.

23. The individual defendants did not find any controlled substance, weapon or other contraband on the person of plaintiff Felix Santiago.

24. Defendant Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 arrested plaintiff Felix Santiago.

25. One of the individual defendants handcuffed plaintiff Felix Santiago.

26. One or more of the individual defendants conducted a search of plaintiff Felix Santiago's vehicle.

27. The individual defendants did not find any controlled substance, weapon or other contraband in plaintiff Felix Santiago's vehicle.

28. Plaintiff Felix Santiago had not committed any crime.

29. Defendant Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 conducted plaintiff Felix Santiago to the 41st Precinct, where he was imprisoned for approximately nine (9) hours.

30. Plaintiff Felix Santiago was subsequently transferred to Bronx Central Booking, where he continued to be imprisoned until the afternoon of April 16, 2011.

31. On April 16, 2011, a uniformed officer whom the plaintiff believes was a Corrections Officer informed the plaintiff that the charge against him had been dismissed and released him from custody.

## COUNT I

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though the same were set forth fully herein.

33. The search, seizure, arrest, detention, and imprisonment of plaintiff Felix Santiago and the search of his vehicle by the individual defendants were made without any warrant or other legal process directing or authorizing his search seizure, arrest, detention, or imprisonment.

34. Defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 lacked probable cause to believe that plaintiff Felix Santiago had committed or was committing a crime.

35. The charge upon which defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 arrested plaintiff Felix Santiago was false.

36. The charge was made by defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 against plaintiff Felix Santiago with knowledge that it was false.

37. Plaintiff Felix Santiago was aware of his seizure, arrest, detention and imprisonment by defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4.

38. Plaintiff Felix Santiago did not consent to his seizure, arrest, detention or imprisonment.

39. As a result of the foregoing, plaintiff Felix Santiago was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

40. The seizure, arrest, detention and imprisonment of plaintiff Felix Santiago by defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

41. Defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 were acting under color of state law when they seized, arrested and imprisoned plaintiff Felix Santiago.

42. Defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 deprived plaintiff Felix Santiago of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Felix Santiago on false criminal charges.

## COUNT II

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

47. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

   (c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

   (d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

48. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

49. The arrest and imprisonment of plaintiff Felix Santiago on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

50. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

51. Defendant The City of New York deprived plaintiff Felix Santiago of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

52. The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT III

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as

though the same were set forth fully herein.

54. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez and "John Doe" #1-4 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

55. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

56. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

57. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

58. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Felix Santiago would be violated.

59. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Felix Santiago.

60. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

61. Defendant The City of New York deprived plaintiff Felix Santiago of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT IV

62. Plaintiff incorporates by reference paragraphs 1 through 61 of this Complaint as though the same were set forth fully herein.

63. Defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez, "John Doe" #1-4 and the City of New York committed an assault and battery on the person of plaintiff Felix Santiago in the course of seizing, searching, arresting, handcuffing and imprisoning the plaintiff.

64. As a result of the foregoing, plaintiff Felix Santiago experienced pain, physical and emotional distress, and anxiety.

### COUNT V

65. Plaintiff incorporates by reference paragraphs 1 through 64 of this Complaint as though the same were set forth fully herein.

66. Defendants Damon Ford, Kendrick Maldonado, Marcus Gonzalez, "John Doe" #1-4 and The City of New York falsely imprisoned plaintiff Felix Santiago by seizing, arresting and

imprisoning him on false criminal charges.

67. As a result of the foregoing, plaintiff Felix Santiago was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Felix Santiago respectfully requests that this Court grant the following relief:

A. Award plaintiff Felix Santiago compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Felix Santiago punitive damages to be determined by the jury at the time of trial;

C. Award plaintiff Felix Santiago reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
October 13, 2011

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue - Suite 1300
New York, New York 10022
(212) 588-0880